UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWN TIMOTHY FARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:14CV00039 SPM |
| ROCHELLE DAVIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Shawn Farris (registration no. 1097011), an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.00. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the action under 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $10.00, and an unknown average monthly balance. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Rochelle Davis, Health Services Administrator, and Laurie Unknown, a nurse. Plaintiff alleges that he was hiding pieces of his Trazadone pills in his cell and that correctional officers found the pill fragments during a cell search. According to plaintiff a

sergeant told Laurie Unknown that some of the pill fragments were Neurontin, which plaintiff takes for back pain. Plaintiff denied that there was any Neurontin in his cell, and he says he asked Laurie Unknown to confirm that he was not stashing Neurontin but she refused to do so. Plaintiff says his Neurontin was suspended. Plaintiff claims to have suffered from excessive back pain as a result. Plaintiff asserts that he sent letters to Rochelle Davis about his back pain but she never answered them. Plaintiff sues defendants in both their individual and official capacities.

## Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep=t of State Police, 491 U.S. 58, 71 (1989). A[N]either a State nor its officials acting in their official capacity are >persons= under ' 1983.@ Id. As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

"Liability under ' 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and ' 1983 suits, a plaintiff must plead that each Government-official defendant, through the official=s own individual actions, has violated the Constitution."). The allegations in the complaint do not show that defendants were personally responsible for denying plaintiff his Neurontin. Plaintiff only alleges that Laurie Unknown refused to verify which of his medications he was hiding in his cell. And Plaintiff merely alleges that he sent letters to Rochelle Davis that went unanswered. As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 2nd day of April, 2014.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE